[Civ. No. 17366. Second Dist., Div. Two. Apr. 3, 1950.]

LILLIAN MAY PARKER, Respondent, v. LLOYD A. BURROWS, as Guardian, etc., Appellant.

Charles A. Thomasset for Appellant.

Andrew J. Copp, Jr., and H. Dexter McKay for Respondent.

McCOMB, J.—Plaintiff filed an action to quiet title to the following personal property: (1) A promissory note in the principal sum of $4,500, executed by William J. Grover and Jeraldine W. Grover, payable to Louisa J. Covey and plaintiff as joint tenants, which promissory note was secured by a deed of trust. This note will be hereinafter referred to as the Grover note. (2) An undivided one-half interest in a promissory note executed by Otis C. Briggs and Dorothy J. Briggs in the principal sum of $4,350, payable to Louisa Covey, which note was secured by a deed of trust. Hereinafter this will be referred to as the Briggs note. (3) One-half of the sum of $2,123.46 on deposit with Western Federal Savings and Loan Association.

Trial was had without a jury and judgment entered for plaintiff, Lillian May Parker, quieting title in an undivided

one-half interest in both the Grover and Briggs notes, and in and to the balance of the account at Western Federal Savings and Loan Association in the sum of $1,117.04. It was also decreed that plaintiff recover from defendant Lloyd A. Burrows, as guardian of the person and estate of Louisa J. Covey, an incompetent person, the sum of $1,161.65, as money collected by said defendant on the Grover and Briggs notes for plaintiff's benefit.

*Facts*: On May 19, 1938, Louisa J. Covey, who had been previously widowed by the death of her husband, the father of her three adult children, Dr. Clinton A. Burrows, Lillian May Parker and Dr. Lloyd A. Burrows, conveyed to plaintiff a house and lot on Maple Street in Pasadena, California, reserving in herself a life estate therein. On June 2, 1938, plaintiff and her husband conveyed their reversionary title in the property to their three sons subject to the life estate therein reserved by Mrs. Covey. On January 16, 1945, Mrs. Covey, as owner of the life estate, plaintiff, her husband, their three sons, and the wife of one of the sons, as owners of the reversionary estate, sold and conveyed the Maple Street property to William J. Grover and Jeraldine W. Grover, husband and wife, for $6,800, comprising cash $2,300 and a promissory note dated February 1, 1945, for the principal sum of $4,500, secured by a trust deed payable to Louisa J. Covey and Lillian May Parker as joint tenants.

In 1946, to facilitate the formation of a trust for her mother, plaintiff assigned the Grover note, and endorsed thereon "Pay to the order of Louisa J. Covey (signed) Lillian May Parker." When it became evident that the proposed trust would not be created, Mrs. Covey on March 22, 1947, executed a reassignment of the Grover note to plaintiff so as to reinvest in plaintiff a joint interest therein with herself, and later on June 12, 1947, restated such an assignment by a proper endorsement on the Grover note itself.

All installments that had matured to the date of trial on the Grover note were paid either to Mrs. Covey or to defendant as her guardian.

On April 4, 1946, Otis C. Briggs and Dorothy J. Briggs, husband and wife, executed a purchase price promissory note in the sum of $4,350, payable to Louisa J. Covey. This note was secured by a deed of trust. This property had originally been acquired by plaintiff and her husband and they conveyed it to the Briggs for a consideration of $5,000.70, cash in the sum of $650.70, and the Briggs note above mentioned and

deed of trust in the sum of $4,350. The $650.70 was paid to Mrs. Covey who subsequently deposited it in the Western Federal Savings and Loan Account together with the sum of $1,980.50, which she had received in cash in connection with the Grover transaction and other monies belonging to her. The Western Federal Savings and Loan Association account was a joint bank account in the names of Louisa J. Covey and plaintiff.

Louisa J. Covey was adjudicated an incompetent in June, 1947.

■ This is the sole question necessary for us to determine: *Was there substantial evidence to sustain the trial court's finding that Louisa J. Covey was at all times mentioned in the foregoing statement of facts, prior to June 17, 1947, capable of contracting?*

This question must be answered in the affirmative. Plaintiff testified that Mrs. Covey was at all times when she had conversation with her of a sound and understanding mind. Dr. Clinton A. Burrows, Mrs. Covey's son, testified that though she did not follow his advice, he believed she had full understanding of what she was doing; that she was not insane but that he criticized her judgment. Mrs. Bowles, a stepdaughter of Mrs. Covey, testified that when the latter opened the bank account with Western Federal and Savings Loan Association, she was quite positive Mrs. Covey understood questions asked by the representative of the bank.

Clearly the foregoing testimony was substantial evidence to sustain the trial court's finding that Mrs. Covey was competent to contract at the times here in question. (See *Estate of McConkey*, 33 Cal.App.2d 554, 563 [92 P.2d 456]; *Maxon v. Avery*, 43 Cal.App.2d 155, 157 et seq. [110 P.2d 446]; *Estate of Perkins*, 195 Cal. 699, 703 [235 P. 45].)

Affirmed.

Moore, P. J., and Wilson, J., concurred.